NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2982
_____

UNITED STATES OF AMERICA

v.

MANUEL CHIRENO-GIL,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of  Pennsylvania
District Court  No. 2-09-cr-00801-001
District Judge: The Honorable Timothy J. Savage

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 14, 2011

Before: SLOVITER, SMITH, and NYGAARD, *Circuit Judges*

(Filed: September 19, 2011)
_____

OPINION
_____

SMITH, *Circuit Judge.*

A grand jury returned a one-count indictment against Manuel Chireno-Gil,

charging him with attempted possession with the intent to distribute five kilograms

1

or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). After the close of the government's case in chief, Chireno-Gil moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29(a). The United States District Court for the Eastern District of Pennsylvania denied the motion. Thereafter, the jury found Chireno-Gil guilty as charged. Chireno-Gil renewed his motion under Rule 29(c) to no avail. The District Court sentenced Chireno-Gil to, *inter alia*, 120 months' imprisonment. This timely appeal followed, challenging the District Court's denial of the Rule 29 motion.[1] We will affirm.

We "review[] the sufficiency of the evidence in the light most favorable to the government and must credit all available inferences in favor of the government." *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir. 1998). If a rational juror could have found the elements of the crime beyond a reasonable doubt, we must sustain the verdict. *United States v. Cartwright*, 359 F.3d 281, 286 (3d Cir. 2004).

Chireno-Gil contends that the District Court erred because the government failed to offer evidence that permits an inference that he knew he was tendering money in exchange for a controlled substance. The District Court denied the motion summarily. After consideration of the government's case-in-chief, we conclude that there was sufficient evidence for a jury to find beyond a reasonable

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

doubt that Chireno-Gil knew that the "50 kilos," which he was about to receive in exchange for a backpack full of $35,000 in cash, were controlled substances. We will affirm.